[Montgomery Traction Company v. Fitzpatrick.]

# Montgomery Traction Company v. Fitzpatrick.

*Damages for Ejection of Passenger From Car.*

(Decided Feb. 14th, 1907.   43 So. Rep. 136.)

1. *Pleading; Amendment.*—Under the statute an amendment which does not work an entire change of parties, or introduce a new cause of action, is allowable.

2. *Pleading; Amendment; Declaration; Carrier; Ejection of Passenger.*—The complaint originally alleged that plaintiff was wrongfully ejected from defendant's car, and the amendment allowed was a count alleging that while a passenger on de fendant's car, plaintiff applied to defendant's conductor for a transfer to another line of cars of defendant, and was given a transfer so negligently torn off that it could not be used, and by reason thereof would not be received, and by reason thereof plaintiff was ejected from said other car. Held, properly allowed.

3. *Carriers; Ejection of Passengers; Complaint; Sufficiency.*—The complaint was not demurrable, although plaintiff was not entitled to recover for a wrongful ejection, as he had a right of action for a breach of the contract to carry, or for defendant's negligence in not issuing proper transfer.

4. *Same; Election of Remedies.*—The fact that plaintiff might have sued for a breach of the contract of carriage, did not preclude him from suing in case for negligence.

5. *Same; Designation of Servant.*—A complaint alleging that owing to the negligence of the conductor in issuing the transfer, plaintiff, a passenger, upon tendering such transfer to a conductor on another of defendant's cars, was ejected therefrom by the conductor thereof, sufficiently designates the servant or conductor, without naming him.

6. *Evidence; Res Gcate.*—One of the defendant's witnesses having testified that the transfers were cut by a mechanical appliance, which always cuts a straight edge, it was competent to introduce in evidence a transfer issued simultaneously with that issued to plaintiff, as part of the res gestae to show how the transfer would have appeared if properly cut and to aid in determining how it was torn; it appearing that such transfer was issued to a companion of plaintiff at the time plaintiff's was issued.

[Montgomery Traction Company v. Fitzpatrick.]

APPEAL from Montgomery City Court.
Heard before Hon. A. D. SAYRE.
Action by P. Fitzpatrick against the Montgomery
Traction Company. Judgment for plaintiff, and de-
fendant appeals. Affirmed.

RUSHTON & COLEMAN, for appellant.—A complaint
cannot be amended by adding a new count which either
changes the form of action or introduces an entirely new
cause of action.—*Mahan v. Smitherman,* 71 Ala. 56;
*Ala. Gt. Southern R. R. Co. v. Smith,* 81 Ala. 229; *Louis-
ville & Nashville R. R. Co. v. Woods,* 105 Ala. 561;
*Cent. of Ga. Ry. Co. v. Foshee,* 125 Ala. 199; *Holland
v. Southern Express Co.,* 114 Ala. 128; *Springfield Fire
& Marine Ins. Co. v. DeJarnette,* 111 Ala. 248; *Tenn.
& Coosa R. R. Co. v. Danford & Armstrong,* 112 Ala. 80.
    The face of a ticket is the conclusive evidence to a
conductor of the terms of the contract of carriage be-
tween passenger and company; and if it shows that pas-
senger is not entitled to continue on trip, the conductor
can expel or eject him from train or car in proper man-
ner.—*K. C. M. & B. R. R. Co. v. Foster,* 134 Ala. 244-
256-7 and authorities; *McGee & Frick v. Reynolds,* 117
Ala. 413, 419-21 and authorities; *S. & N. A. R. R. Co.
v. Huffman,* 76 Ala. 492; *Manning v. L. & N. R. R. Co.,*
95 Ala. 392-394; *A. G. S. R. R. Co. v. Carmichael,* 90
Ala. 19; *Commonwealth v. Power,* 7 Metcalf 596; 41
Am. Dec. 465, note 476-7; *McGhee v. Drisdale,* 111 Ala.
597; *Poulin v. Canadian R. R. Co.,* 6 U. S. App. 298; 3
C. C. A. 23, 17 L. R. A. 800; *Hufford v. Grand R. & I.
R. R. Co.,* 53 Mich. 118; *McKay v. Ohio R. Co.,* 34 W.
Va. 65; 9 L. R. A. 132; *Yorton v. Milwaukee &c. R. Co.,*
54 Wis. 234; 41 Am. Rep. 23; *West Maryland R. Co. v.
Stockdale,* 83 Md. 245; *McGhee & Fink v. Cashin,* 40 So.
Rep. 63. Transfers show contract, and unless author-
ize passage, no liability for ejection by conductor on
second car.—*Keene v. Detroit Elec. R. Co.,* 123 Mich.
247, 81 N. W. Rep. 1084; *Bradshaw v. South Boston R.
Co.,* 135 Mass. 407; 46 Am. Rep. 481-483 and note;
*Kiley v. Chicago City R. Co.,* 189 Ill. 384; 52 L. R. A.,
626, 627; *Garrison v. United R. &c. Co.,* 94 Md. 347;
*v. Connor,* 78 N. E. 376; Nellis' St. Ry. Law, p. 83.

[Montgomery Traction Company v. Fitzpatrick.]

·MARK·D. BRAINARD, for appellee.—The case should be affirmed on the following authorities.—*Georgia R. & E. Co. v. Baker*, 54 S. E. 639; *Cleveland City R. R. Co. v. Connor*, 78 N. E. 376; Nellis' St. Ry. Lew, p. 83.

SIMPSON, J.—This was an action by the appellee (plaintiff) against the appellant (defendant). The complaint originally had but one count, which claimed damages because the plaintiff "was * * * wrongfully ejected therefrom (that is, from defendant's street car) by the company's conductor, motorman, servant, or agent in charge of said car." This complaint was amended, by adding a count alleging that plaintiff was a passenger on the defendant's "Electric Park car"; that he paid his fare and applied to the conductor for a transfer for himself and friend to go out on the Court Street car; that the motorman of said "Electric Park car" gave him the transfer ticket, and he did not notice it until it was presented to the Court Street conductor; that the conductor on the Electric Park car had, in ·tearing off the transfer, negligently or carelessly torn it, so that the same could not be used to enable him to take a continuous trip; and that said conductor on said Court Street car "did eject plaintiff therefrom by reason of said transfer being so negligently torn.". The defendant objected to the filing of said amendment, moving to strike it, and also demurred to it, all of which the court overruled.

It is insisted by the appellant that this was a departure from the cause of action as alleged in the original count. Our statute on the subject of amendments is very liberal, and the construction placed upon it by this court is that any amendment may be allowed which does not make an entire change of parties or an entirely new cause of action.—*Central of Ga. Ry. v. Foshee*, 125 Ala. Ala. 199, 222, 225, 27 South. 1006; *Mohr v. Lemle*, 69 Ala. 180, 182, 183; *Grimm's Adm'r v. Crawford*, 29 Ala. 626. In the *Mohr Case, supra,* stress is laid upon the fact that, although the libel charged in the original complaint attacked the solvency only of the plaintiff, and the one in the amendment touched his integrity, yet

the form of the action remained the same. In the *Foshee Case, supra*, the court says: "So long as counts added by amendment set up the same general transactions or occurrences upon which the original complaint relief for recovery, they do not introduce an entirely new cause of action, and are not objectionable, though the form of action may be changed by them, as from trover to case, or vice versa, or from case to trespass," etc. And the court says that the cases cited "differentiate the rule of amendments perscribed by the statute as construed by this court from the rule against departures."—Page 335 of 125 Ala., page 1015 of 27 South. Under the latest construction of said section we hold that the count added by amendment was not such a departure as would authorize the court to refuse to allow it, or to strike it out. The cases cited which treat of the effect of an amendment on the statute of limitations, of course, raise an entirely different question.

For the same reason there was no error in the overruling of the demurrers to said second count. While it may be admitted that the weight of authority is that the conductor must rely entirely on the ticket in determining his action, and the Court Street conductor could not be guilty of a wrong for ejecting a passenger who did not produce a proper transfer (Hutchinson on Carriers, §§ 574, 580; 4 Elliott on R. R. § 1594; *Kiley v. Chicago City, etc.*, 189 Ill. 384, 59 N. E. 794, 52 L. R. A. 626, 82 Am. St. Rep. 460; *Garrison v. United Ry. Co.*, 97 Md. 347, 25 Atl. 371, 99 Am. St. Rep. 452; *Bradshaw v. So. Boston R. Co.*, 135 Mass. 407, 46 Am. Rep. 481; *Keen v. Detroit Elec. Ry. Co.*, 81 N. W. 1084, 123 Mich. 247; *K. C., M. & B. R. R. Co. v. Foster*, 134 Ala. 244, 32 South. 773, 92 Am. St. Rep. 25), yet all of the authorities recognize that, while in such case there may not be a right of recovery on the ground of a wrongful ejection, yet there can be a recovery for the failure to fulfill the contract to carry, or for the negligence of the agent in giving the wrong ticket or transfr. The gravamen of the second count is the negligence of the conductor on the Electric Park car in tearing the transfer, and the ejection is averred merely as the result of such negligence. The fact that the plaintiff might have sued for

[Loveman v. Birmingham Ry. L. & P. Co.]

a breach of the contract of carriage did not deprive him of the right to sue in case for the negligence.—*Sou. Ry. v. Jones,* 132 Ala. 437, 443, 31 South. 501. The conductor on said car is sufficiently designated, without giving his name.

It is next insisted that the court erred in overruling the objections to the introduction in evidence of the transfer which was issued to plaintiff's companion at the same time. Both tickets were paid for at the same time by the plaintiff, and, in addition, the testimony of the defendant's employes was that these tickets were cut by a mechanical appliance, which always cut a straight edge. So it was material to admit the other transfer to show how the appliance cut the ticket. It was competent, as a part of the res gestea, to show how the ticket would have appeared, if properly cut, and, as a circumstance to aid in the determination of the point, as to how it was torn.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.