# Western Newspaper Union *v.* Judson.

## *Assumpsit.*

(Decided June 13, 1911.  55 South. 1026.)

1. *Count; Verification; Amendment.*—Under section 3970, Code 1907, the fact that the suit is brought on a verified account must be endorsed on the summons and complaint or other original process at the time of the bringing of the suit, and where such statement is not embodied in the summons or complaint, an amendment thereto adding the fact that it was brought on a verified account, would not have the effect of making such a verified itemized statement, competent evidence of the correctness of the account, and hence, the court was not in error in refusing to permit such an amendment.

2. *Pleading; Complaint; Amendment.*—The amendment of a complaint in assumpsit by the addition of an averment that the suit was brought on a verified account was not an addition to the statement of the cause of action, and hence, not within the purview of section 5367, Code 1907.

3. *Pleading; Non Est Factum; Verification; Amendment.*—A plea of non est factum not verified may be subsequently verified by amendment under leave of the court, and where this is done, a motion to strike the plea because not verified is properly overruled.

4. *Evidence; Documents; Authority of Agent; Execution of Note.*—Where it was shown that the defendant operated a newspaper and employed B as manager and authorized him to buy the supplies needed to run the business and to pledge the credit of the paper, and it was further shown that as manager B signed a note to plaintiff for an account so contracted such note was admissible in evidence against the defendant.

5. *Same.*—Where the defendant employed an agent as manager of a newspaper to run the business with authority to buy supplies to run the paper an itemized account for goods purchased by the agent for use in the business, was admissible against the defendant when shown to be correct.

[Western Newspaper Union v. Judson.]

6. *Same; Admisisons and Declarations of Agent; Past Transactions.*—The admissions and declarations of agents as to past transactions are not admissible, and hence, a letter written by defendant's agent to plaintiff's representative with reference to the matter in controversy was not admissible; neither was its contents admissible to bind the principal.

APPEAL from Bessemer City Court.
Heard before Hon. WILLIAM JACKSON.

Assumpsit by the Western Newspaper Union against W. H. H. Judson. Judgment for defendant and plaintiff appeals. Reversed and remanded.

MATTHEWS & MATTHEWS, for appellant. The court erred in declining to permit the complaint to be amended by the addition of a statement that it was upon an itemized, verified account.—Secs. 3970 and 5467, Code 1907. The court should have stricken the plea of non est factum, as it was not verified.—Sec. 5333, Code 1907. The court erred in declining to admit the note in evidence.—124 Ala. 515. The court erred in not permitting it to be shown that Judson authorized the agent to sign his name to papers.—*Lytle & Co. v. Bank of Dothan*, 121 Ala. 219. The letter written by the manager was competent evidence.—17 Cyc. 399. The itemized account was admissible, as it was shown to be correct.—31 Cyc. 1387; 17 Ib. 398; *Snodgress v. Caldwell*, 90 Ala. 317; 20 N. H. 227; 76 Tex. 200.

JAMES STROTHER, for appellee. The defendant was entitled to the affirmative charge on the evidence as to ownership of the paper, and hence, the error in declining to admit the note was error without injury.—2 Enc. of Evi. 653. The court did not err in declining to permit the amendment by adding that the suit was a verified account. It would not have rendered the account evidence of its correctness, nor would it have added anything to the statement of the cause of action.—Sec.

3970, Code 1907; *Gainor v. Pollak,* 96 Ala. 554; *Lunsford v. Butler,* 15 So. 240; *Sullivan T. Co. v. Brushegal,* 20 So. 498. The note was not admissible in evidence. —*T. & D. E. Co. v. Hall,* 86 Ala. 305; *Foxworth v. Brown,* 120 Ala. 59; *Huntsville B. L. R. R. Co. v. Copeland,* 97 Ala. 681; 10 Enc. of Evi. 15-20. Counsel discusses other assignments of error, but without citation of authority.

WALKER, P. J.—It is not a ground of reversal that the trial court, on an objection made by the defendant, refused to allow the plaintiff to amend the count of its complaint on account by adding at the end thereof the averment "that this count of this suit is brought on a verified account." The addition of that statement would not have served the purpose of making a verified itemized statement of the account competent evidence of the correctness of the account, as, under the provisions of section 3970 of the Code of 1907, that result follows only when the plaintiff, at the time of bringing his suit, indorses on the summons or complaint, or other original process, the fact that the account is verified by affidavit. If that statement had been embodied in that count of the complaint at the time of bringing the suit, it would have been taken merely as a compliance with the statute, and not as descriptive of the cause of action.—*Sullivan Timber Co. v. Brushegal,* 111 Ala. 114, 20 South. 498.

The trial court cannot be put in error for a refusal to permit such an addition to a complaint to be made by amendment, as it did not amount to an addition to the statement of the cause of action, which, under section 5367 of the Code, must be allowed to be made by amendment, and was not in any aspect such an amendment of the complaint as that section of the Code re-

quires to be permitted when moved for by the plaintiff.

The ground supporting the plaintiff's motion to strike the defendant's plea of non est factum because it was not sworn to was removed when the defendant under leave of the court amended that plea by swearing to it. There was no error in the action of the trial court in that regard.

The appellee (defendant below) was named in the caption of the complaint as "W. H. H. Judson, doing business as the Bessemer Evening Review." After evidence had been received which tended to show that the defendant had been the sole owner of the Bessemer Evening Review, a daily paper formerly published in Bessemer, that one T. Jeff Bailey, Jr., was employed by him as the manager of the business, and was authorized to buy supplies needed to run the business and get out the paper, to make accounts, and pledge the credit of the Bessemer, Evening Review, and as his manager to sign a note to the appellant for $124.55, the amount due to the appellant on an account contracted by Bailey in the name of the newspaper pursuant to his authority as manager, the plaintiff offered in evidence a note to itself for that amount signed by "Bessemer Evening Review, by T. Jeff Bailey, Jr., Manager." The defendant objected to the introduction of this note on the ground that it had not been shown that it was signed by any one authorized to bind the defendant. The plaintiff excepted to the action of the court in sustaining this objection. The assignment of error based upon that exception must be sustained, as at the time the objection was made there was evidence before the court tending to show that the note offered in evidence was signed by one authorized to bind the defendant.

[Letson v. Hall.]

For a like reason, it must be said that the court below erred in excluding the itemized statement of account offered in evidence by the plaintiff after evidence had been received tending to show that the defendant authorized the making of the account in his behalf, and that the offered itemized statement of it was correct. The evidence as to the authority of Bailey to bind the defendant by making the account or giving the note in settlement of it was in sharp conflict. Whether or not he was so authorized by the defendant was a question for the jury.

Even if there had been evidence tending to show that Bailey was an agent of the defendant when he wrote the letter to a representative of the plaintiff, the exclu sion of that letter would have been proper under the rule declaring it to be beyond the scope of an agent's authority to bind his principal by admissions and declarations having reference to by-gone transactions.— *Stanton v. Baird Lumber Co.,* 132 Ala. 635, 32 South. 299. It is all the more plain that an ex-agent is without power, so to bind his former employer.

Other questions presented need not be considered, as they are not likely to arise on another trial.

Reversed and remanded.