# Central of Georgia Railway Co. v. Rutland.

## Failure to Deliver Goods.

### (Decided May 28, 1912.  59 South. 188.)

*Witness; Impeachment; Declaration by Agent.*—While, as a general rule an agent cannot bind his principal by admissions or declarations concerning a past transaction, this rule does not apply when a principal introduces his agent as a witness, and it is sought to impeach the testimony of said witness by showing declarations or admissions made elsewhere contrary to his testimony as a witness, the proper predicate having been laid; hence, the agent of a corporation when examined by the corporation as a witness in its own behalf may be asked on cross concerning admissions or declarations tending to impeach his testimony as such witness, the proper predicate having been laid, although such admissions or declarations refer to past transactions of his agency in the line and scope of his authority.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by S. J. Rutland against the Central of Ga. Railway Company for damages for failure to deliver a bale of cotton claimed to have been shipped over its line. Judgment for plaintiff and defendant appeals. Affirmed.

STEINER, CRUM & WEIL, for appellant. The court erred in permitting the witness to be examined concerning declarations and statements made some four or six months subsequent to the alleged loss of the cotton.—*Western N. U. v. Judson*, 1 Ala. App. 615; *Moore v. Ry. Co.* 137 Ala. 495; *L. & N. v. Pearson*, 97 Ala. 211; *R. & D. v. Hammond*, 93 Ala. 181; *M. & C. R. R. Co. v. Womack*, 84 Ala. 149. A witness may not be impeached about a collateral or immaterial matter.—*Kelly v. L. & N.*, 148 Ala. 143; *Pelham v. Chattahoochie G. Co.*, 156

Ala. 500. Counsel discuss other assignments of error relative to evidence, but without further citation of authority.

C. H. ROQUEMORE, and E. T. GRAHAM, for appellee. A railroad having introduced its agent as a witness he became subject to impeachment upon a proper predicate, by showing contradictory statements made out of court, although such statements may not have been admissible as independent evidence upon the merits of the case.— *Payne v. The State,* 60 Ala. 80; *Cooper v. The State,* 90 Ala. 64; *Guilyard v. The State,* 98 Ala. 59; *Hester v. The State,* 103 Ala. 83; *Holley v. The State,* 105 Ala. 100; 10 Enc. P. & P., 281. The evidence was as to matters relevant to the issue, and was proper impeaching matter.— *Marks v. Bell,* 48 Ala. 507; *Haley v. The State,* 63 Ala. 86; *Steinhardt v. Bell,* 80 Ala. 212.

WALKER, P. J.—While it is beyond the scope of an agent's authority to bind his principal by admissions or declarations having reference to bygone transactions, and for this reason such admissions or declarations may not be proved against the principal (*Western Newspaper Union v. Judson,* 1 Ala. App. 615, 55 South. 1026), yet this rule is not to be given such effect as to exempt the testimony of the agent, when offered by his principal in his own behalf, from being impeached in a manner that would be permissible in the case of a witness who bears no such relations to the party in whose behalf he testifies. A very common method of impeaching the credit of a witness is by proof that he made statements out of court, relative to the subject-matter of the suit, contrary to what he has testified at the trial.—*Holley v. State,* 105 Ala. 100, 17 South. 102; *Steinhardt v. Bell,* 80 Ala. 212; Jones on Evidence, § 845.

[Central of Georgia Railway Co. v. Rutland.]

The plaintiff, in support of the averments of his complaint, having offered evidence tending to prove the delivery to the defendant of two bales of cotton, the issuance by the defendant of a bill of lading for the two bales, and its failure to deliver one of them to the consignee, the defendant examined as a witness in its behalf its station agent, whose testimony was to the effect that only one bale of cotton was received or shipped, and that the plaintiff had consented that the bill of lading be changed after it was issued, so as to show that such was the fact. Under the rule above stated, it was permissible for the plaintiff, the proper predicate having been laid, to prove that the witness had made statements out of court in reference to the matter which were inconsistent with his testimony. It is not a ground for denying the right of the plaintiff to introduce such evidence for the purpose of impeaching the credit of the witness that proof of such statements by the witness would not have been admissible as primary evidence against the party in whose behalf he testified. It was the act of the defendant itself, in offering the testimony of its station agent, that opened the door to the introduction of evidence, for the purpose of impeaching that testimony, of contradictory statements made by him out of court in reference to the matter about which he testified. The court was not in error in overruling the defendant's objections to that evidence. Plainly the finding of the court was supported by competent evidence. We discover no error in the record.

Affirmed.