# Louisville & Nashville Railroad Co. v. Thomason.

## *Injury to Passenger.*

(Decided November 21, 1912. Rehearing denied December 12, 1912. 60 South. 506.)

1. *Carriers; Stopping Places; Evidence.*—Where the action was by a passenger for breach of duty of the carrier to permit the passenger to remain on the train until he reached the regular stopping place of the train to which he held a ticket, it must be shown that under the schedule and rules such station was a stopping place for the train on which plaintiff took passage and that plaintiff was wrongfully deprived of the right to remain on the train.

2. *Carriers; Agent; Declaration.*—Where the action was by a passenger for damages for being required to change cars when the agent selling the ticket had represented that a change of cars would not be necessary, a time table given to plaintiff's husband by such agent after such conversation was not admissible in evidence, as it was not of the res gestae, and stood on the same footing as a declaration by an agent concerning a past transaction.

3. *Same; Damage; Punitive Damage.*—Where the agent stated that a change of cars would not be necessary a passenger who is required to change cars was not entitled to punitive damages, where such change only caused a delay of twelve minutes in reaching destination; the representation of the agent arising only from negligence or ignorance of the schedule and not from wilfullness.

4. *Damages; Duty to Reduce.*—A carrier is not relieved of the responsibility for the act of its conductor in requiring the passenger to change cars, who had been led to believe by the ticket agent that he would not have to make a change, by the rule that a passenger may be expected to be accorded by the conductor, only such rights as his ticket entitles him to on its face, yet such rule does put the passenger under the necessity of conforming to the reasonable requirements of the regulation so as not to increase his damages, and this is true whether the action be on the contract or in tort.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Mary A. Thomason against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

The facts sufficiently appear in the opinion. Charge 9 is as follows: "I charge you, gentlemen of the jury, that if you believe from the evidence that Helena, Ala., is not a regular stopping place for defendant's train No. 3, then plaintiff is not entitled to recover under count 1 of her complaint." Charge 28: "I charge you, gentlemen of the jury, if you believe the evidence in this case you cannot find punitive damages for the plaintiff."

EYSTER & EYSTER, for appellant. Counsel discuss the assignments of error relative to evidence from assignments 1 to 15 inclusive, but without citation of authority. As showing the rules and regulations of defendant and the schedule and stopping places of No. 3, the question to the witness Medaugh should have been allowed. —*S. & N. R. R. Co. v. Huffman,* 76 Ala. 497. The recovery must be ex contractu and not ex delicto.—3 A. & E. R. R. cases, 1 Am. Dec. 481; 24 N. Y. 509. A conductor has a right to expel a passenger riding on a void ticket. —117 Ala. 419. If entitled to recover at all the plaintiff is entitled to recover no more than actual damages. —*A. G. S. v. Huddleston,* 82 Ala. 222; *L. & N. v. Deavey,* 97 Ala. 340; *L. & N. v. Huie,* 121 Ala. 238.

TIDWELL & SAMPLE, for appellee. Under the facts in this case there was a forcible ejection at Birmingham. —73 Ga. 251; 22 Am. St. Rep. 90; 67 Am. St. Rep. 913; 6 Cyc. 559. The action was in tort for breach of duty and the plaintiff was entitled to recover.—*L. & N. v. Hines,* 25 South. 857; 79 Ga. 358; 3 Ill. 364; 50 Am. Rep. 223; 23 O. St. 10.

WALKER, P. J.—The complaint in this case contained five counts. In each of them the plaintiff com-

plained of not being permitted to ride to her destination on a train, known as No. 3, which she boarded at Hartselle, having a ticket from that place to Helena; the latter being a station south of Birmingham on the defendant's road . The first and fifth counts contained averments to the effect, respectively, that Helena was a regular stopping place for that train, and that, according to the local time-table of the defendant, the train stopped at Helena to let off passengers from Hartselle. The other counts did not so aver, but alleged, with some variations between the different counts, that the plaintiff was informed, either in person or through her husband, who bought the ticket for her, by the defendant's ticket agent at Hartselle that that train would stop at Helena, and that the plaintiff took passage on it relying on this assurance or information. It may be assumed that there was evidence tending to prove the material averments of several of the counts, though, as the bill of exceptions discloses it, the evidence on the subject offered by the plaintiff is not clear in its tendency to prove that Helena was a regular stopping place for that train, as certainly it is not made to appear distinctly that the folder or time-table, a portion of which is set out, which indicates that Helana was a station at which No. 3 would stop to let off passengers from points north of Birmingham, showed the published schedule which was in force on the date in question. The evidence in behalf of the defendant tended to prove that Helena was not a regular stopping place for train No. 3; that that was a fast train run on a schedule and under orders which did not permit it to be stopped there except when it failed to reach Birmingham in time to make connection with an accommodation train which regularly stopped at Helena, and which was scheduled to leave Birmingham 10 minutes

after the leaving time of No. 3; that no employee of the defendant informed the plaintiff or her husband that No. 3 would stop at Helena; that she was informed to the contrary before she started on her journey, and that the conductor of the train, as soon as her ticket was presented to him, notified her that she would have to change to the accommodation train at Birmingham; that No. 3 reached Birmingham that day about on schedule time; that the plaintiff was required at that place to transfer to the accommodation train, which was standing under the station car shed on a nearby track, and left for her destination on that train 10 minutes after No. 3 left, reaching there at 4:28 in the afternoon, which was 12 minutes after No. 3 passed that station. None of the evidence tended to show that the plaintiff was subjected to any improper treatment in the methods pursued in requiring her to make the change of cars at Birmingham.

The plaintiff's claim, as asserted in the different counts of her complaint, is based upon two separate and distinct theories. The theory of the first and fifth counts is that the plaintiff was entitled to recover because of the breach by the defendant of its duty to permit a passenger to remain on the train until the regular stopping place for that train to which the passenger had a ticket was reached. In the other counts the plaintiff's reliance on information alleged to have been given by the agent selling the ticket as to the train stopping at the destination named in the ticket is a material feature of the right of action asserted. To sustain the plaintiff's right to recover on the first-mentioned theory, it was incumbent upon her to prove that, under the schedule and rules governing the operation of the train which she boarded, Helena was a stopping place for that train, and that the plaintiff was wrongfully de-

prived of the right to remain on that train until it
reached that station. The statement of this proposition,
in the light of the pleadings and evidence above referred
to, discloses the error of the court in refusing to give
charge 9 requested by the defendant.

As to the theory upon which the other counts were
framed, the rights of the plaintiff are to be determined
with reference to the rule prevailing in this state that
the ticket is the sole and exclusive evidence to the con-
ductor of the passenger's right to be and remain upon a
train, and that a passenger may expect to have accord-
ed to him by the conductor only such rights as his ticket
on its face entitles him to.—*Montgomery Traction Co.
v. Fitzpatrick,* 149 Ala. 511, 43 South. 136, 9 L. R. A
(N. S.) 851; *Kansas City, Memphis & Birmingham R.
Co. v. Foster,* 134 Ala. 244, 32 South. 773, 92 Am. St.
Rep. 25; *McGhee & Fink, Receivers, v. Reynolds,* 117
Ala. 413, 23 South. 68; *Alabama Great Southern R. Co.
v. Carmichael,* 90 Ala. 19, 8 South. 87, 9 L. R. A. 388;
*South & North Ala. R. Co. v. Huffman,* 76 Ala. 492, 52
Am. Rep. 349. While this rule does not operate to re-
lieve the carrier of responsibility for the act of its con-
ductor in requiring a change to another train by a pas-
senger who, by another of the carrier's authorized rep-
resentatives, had been led to suppose that his trip
could be made without having to change cars, yet it
does put the passenger under the necessity of conform-
ing his conduct to the reasonable requirements of the
schedule and regulations found to be governing the op-
eration of the train upon which he is riding, and of
changing to another train at an intermediate point
when duly informed by the conductor of the necessity
of his so doing in order for him to be put off at his des-
tination; and the passenger cannot, by a failure to com-
ply with a proper request or direction to this end, or

24 CA

by manifestations of an indisposition or reluctance so to comply, add to whatever damages he may sustain in consequence of the failure of his ticket to carry him to his destination without change of cars. "It matters not whether his action sounds in tort or in contract. If in tort, then the rule is that he cannot recover any damages for an injury growing out of the negligence of the defendant, which, by the use of due care, he might have avoided. If in contract, then it was his duty to use due diligence to reduce the damages resulting from the breach, and failure to do so prevents recovery for any damages which might by due diligence or care have been avoided."—*Pouilin v. Canadian Pacific Railway Co.,* 52 Fed. 197, 3 C. C. A. 23. The proper course for the passenger in such circumstances is not to wait to be ejected from the train when it reaches the station at which a transfer to another train is required, but to submit to the inconvenience of changing cars and rely upon his recovery in damages for the negligent mistake of the ticket agent.—4 Elliott on Railroads, §§ 1594, 1637, note; *Kiley v. Chicago City Railway Co.,* 189 Ill. 384, 59 N. E. 794, 52 L. R. A. 626, 82 Am. St. Rep. 460.

The plaintiff's husband testified that, after he heard that the plaintiff had to change cars at Birmingham, he went to Mr. Oden, the defendant's ticket agent at Hartselle, and asked him about it. In this connection the witness was permitted, over the defendant's objection, to testify that on that occasion Oden furnished him with a time-table. We are of opinion that this testimony was subject to the objection made to it. Plainly this occurrence was no part of the res gestae of the alleged transaction with the agent upon which his principal is sought to be charged with liability. That transaction was then a thing of the past. The conversation was not

in regard to a pending matter within the apparent scope of the agent's authority. His act in then furnishing a time-table, so far as it could have any significance against his principal, stood on the same footing as a declaration or statement made by him in reference to a past transaction in which he participated as an agent, evidence of which is not admissible against his principal.—*Western Newspaper Union v. Judson,* 1 Ala. App. 615, 55 South. 1026; *Sloss-Sheffield Stel & Iron Co. v. Bibb,* 164 Ala. 62, 51 South. 345. The fact that this folder or time-table was furnished by the defendant's agent some time after the ticket was sold seems to have been treated as an admission binding on the defendant that the schedule shown by it was the one which was in effect at the time the ticket was sold.

We do not discover in the evidence in this case any basis for an award of punitive damages. With the exception of having to change cars at Birmingham, and in consequence of this change reaching her destination a little later in the afternoon than she may have anticipated, the plaintiff's journey is not shown to have been in any material respect different from what it would have been if she had been permitted to go through to her destination on train No. 3. Certainly she was not subjected to any indignity by being notified in a proper manner that she would have to change to another train at Birmingham in order to be put off at the station to which she had a ticket, and there is nothing in the evidence to indicate that she has any just ground of complaint because of the manner in which she was required to make the transfer, or that the ticket agent at Hartselle was guilty of anything more than simple negligence, or ignorance as to the schedule, when he stated that train No. 3 stopped at Helena. The necessity of changing from one train to another in the course of a

[Alabama Great Southern R. R. Co. v. Gilbert.]

railroad journey is a common incident of such method of travel. One may be entitled to some compensation for the trouble or inconvenience involved in having to make such change when the journey was undertaken on the faith of an assurance from the carrier's agent that it could be made without a change of trains, but the mere fact of having to make such a change of vehicle, though it was unlooked for, is not such mistreatment as justifies an award of punitive damages. "To authorize punitive damages, the act complained of must be willful or the result of reckless indifference to the rights of others, which is equivalent to an intentional violation of them, or 'where the injury has been wanton, or malicious, or gross.' "—*Birmingham Railway, Light & Power Co. v. Nolan,* 134 Ala. 329, 32 South. 715; *Wilkinson v. Searcy,* 76 Ala. 176; Moore on Carriers, p. 879, et seq. It follows that it was error to refuse to give written charge 28 requested by the defendant.

Reversed and remanded.