# Birmingham Ry., L. & P. Co. v. Smith.

### Injury to Passenger.

(Decided October 19, 1915.   69 South. 910.)

1. Carriers; Ejection; Passengers; Plea.—Where the action was against a street railway for the wrongful ejection of a passenger from its cars, such passenger need not allege that he boarded the car at the proper time and place to make his transfer good, the transfer stipulating the time and place at which it would be accepted, as this was a matter of defense, the burden being on defendant to show that he did not do so.

2. Same.—Such a plaintiff need not allege that he boarded the car at a time and place to make his transfer good under defendant's custom or rule as to the time and place of accepting transfers.

3. Same.—In such a case plaintiff may rest his case upon the obligation of the company to transport him on a transfer given him and need not depend upon the conditions of the transfer.

4. Same.—In such a case, whether the complaint be construed as ex contractu or ex delicto, defendant must plead as defensive matter the condition of the transfer presented by plaintiff as making it invalid at the time presented.

5. Same; Transfer; Validity.—Where the action was against a street railway company for the wrongful ejection of plaintiff, upon his transfer being refused, it will be presumed that the transfer was valid until the contrary appears; the gravamen of the action being the wrong of the second conductor in ejecting plaintiff, and not the negligence of the first conductor in issuing an invalid transfer.

6. Same; Evidence.—The transfer presented by plaintiff, and upon the refusal to honor which he was ejected from defendant's car, or its contents, should have been admitted in evidence, and its exclusion was error.

7. Trial; Statement of Court.—A statement to the jury by the court "I know we transfer almost anywhere we get a chance" was highly improper. the question in issue being whether the point of transfer was the proper one.

[Birmingham Ry., L. & P. Co. v. Smith.]

8. Same.—The use of the word "discretion" in the place of judgment in a statement by the court that the jury may return a verdict in its sound discretion was improper.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by L. P. Smith against the Birmingham Railway, Light & Power Company, for damages for being ejected from one of its cars. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. JERE C. KING, for appellee.

THOMAS, J.—Action against defendant street railway company as a common carrier for wrongful ejection of plaintiff as a passenger, and appeal by the former from a judgment in the latter's favor.

The complaint, which consisted of but one count, alleged, so far as is material to the consideration of the demurrer filed and urged against it, that: Plaintiff "boarded one of defendant's street cars at Morris avenue and Twentieth street, in the city of Birmingham, and paid the fare demanded of him by defendant's conductor for transportation on said car, and plaintiff alleges that at the time he paid said fare he requested the conductor to furnish him transfer to defendant's Idlewild line, which transfer was furnished plaintiff by defendant's conductor, and plaintiff alleges that, when the car on which he was riding reached Eighteenth street and Avenue B, he transferred to one of defendant's Idlewild cars, and plaintiff alleges that after boarding said Idlewild car he tendered to the conductor said transfer which had been given him by defendant's conductor, in charge of defendant's Fifteenth street car, and plaintiff alleges that it was the duty of said conductor to accept the transfer. And plaintiff avers that said conductor in charge of said Idlewild car aforesaid wrongfully ejected plaintiff from said car," etc.

(1) Defendant's demurrer to the count, which was overruled by the court, raises the point now urged, that, though it is alleged that it was the duty of said conductor to accept said transfer, no sufficient facts are averred to show that it was his duty, in that it does not appear from the averments of the count that plaintiff boarded said Idlewild car at such a time and place that

said transfer would entitle plaintiff to transportation on said car, either under the terms of the transfer or under the rules and customs of the defendant.

We are of opinion that the demurrer was not well taken. The complaint alleges that plaintiff requested and received a transfer to defendant's Idlewild line, and that he boarded an Idlewild car and tendered the transfer to the conductor on that car. Presumptively, from these allegations it was the conductor's duty to accept the transfer; since the obligation of defendant, as pleaded, was absolute. If the transfer, which was the contract between the parties, and which the plaintiff pleaded as his right to be on the car, contained a stipulation that it (the transfer) was not good either at the time or place on the Idlewild line that it was tendered, this was a stipulation in the contract for defendant's benefit—an exception or proviso affording a defense for a failure to comply with the contract at that time and place—which, if defendant would avail itself of, it should set up by appropriate pleading, where, as here, the complaint does not disclose it.—*Fike v. Stratton,* 174 Ala. 559, 56 South. 929; *Brooklyn Life Ins. Co. v. Bledsoe,* 52 Ala. 545.

(2) Likewise, even though there was no such stipulation in the contract, if the defendant had a rule or custom to the effect that the transfer was not good at the time or place on the Idlewild line that it was presented, the defendant, in order to get the benefit of such rule or custom, would have to plead it, as well as plaintiff's knowledge or notice of it.—*Birmingham Ry. Co. v. McDonough,* 153 Ala. 122, 44 South. 960, 13 L. R. A. (N. S.) 445, 127 Am. St. Rep. 18. Certainly, we think, the duty was not on plaintiff to negative the existence either of such a stipulation or of such a rule or custom.

(3) Plaintiff might have set out in the complaint in full the contract as embodied in the transfer, which, if it had disclosed such a stipulation as that mentioned, would have made the complaint demurrable, unless plaintiff in the complaint had made some allegation to avoid its effect; but plaintiff chose, as he had a right to do, to plead the obligation resting upon defendant under the contract—the obligation which defendant, for the consideration named, assumed, by issuing to plaintiff the transfer, the obligation to transport plaintiff over its Idlewild line—a breach of which obligation was shown by the allegation to the effect that, although said transfer was presented to the con-

ductor on a car on that line, he refused to accept it; consequently, when he ejected plaintiff as was alleged, such ejection was wrongful, so far as appeared.

(4) If there was in the contract, any stipulation limiting this obligation, either as to time, place of boarding the car, or as to the particular car to be boarded, it did not appear from the complaint, and, not appearing, it was defendant's duty to plead such limitation or condition (*Fike v. Stratton, supra*), whether the complaint be construed as ex contractu for a breach of the obligation imposed by the contract or as ex delicto for a breach of the duty arising out of the contract or created by law from the relationship of the parties under the contract.

(5) Presumptively, the transfer issued was a valid and proper one, since the gravamen of the action here is, not the negligence of the first conductor in issuing the transfer, but the wrong of the second conductor in ejecting plaintiff.—*Montgomery Traction Co. v. Fitzpatrick*, 149 Ala. 511, 43 South. 136, 9 L. R. A. (N. S.) 851; *L. & N. R. R. Co. v. Thomason*, 6 Ala. App. 369, 60 South. 506. The defendant pleaded the general issue with leave to give in evidence any matter that might be specially pleaded.

(6) From Nellis on Street Railways (2d Ed.) § 271, we quote approvingly and as appropriate here as follows: "The condition in a transfer as to the point at which it may be used is binding upon the passenger. He has no right to board a car on the line to which he is transferred at any other place than that indicated on the transfer, and in case he does so and refuses to pay fare, the conductor may eject him. And the fact that some conductor had violated a rule of the company in respect to permitting a passenger with a transfer to board a car at a point other than that indicated on the transfer slip is not sufficient to prove a custom."

The court should have permitted defendant to prove the contents of the transfer, it having been shown that it had been destroyed, and to show, if it could, that the transfer, according to its terms, was not good at the place presented by plaintiff, in that said place was not a transfer point.

(7) The court ex mero motu stated to the jury, during the course of the trial and relative to the plaintiff's right to transfer at the place he did to the car from which he was ejected: "I know we transfer almost anywhere we get a chance." This

statement was highly improper, but whether its deleterious effect on defendant's case was subsequently cured by the fact that the court later, and during its oral charge to the jury, took occasion to tell the jury not to consider the remark, we need not determine, since the judgment must be reversed for other reasons, and since on another trial the court will no doubt refrain from any expression of its own views or knowledge, if any, as to the facts of the case.

(8) The damages sought by the complaint were for mental suffering resulting from the humiliation and embarrassment of the ejection of plaintiff. The court charged orally with respect to the amount of damages recoverable as follows, to which defendant excepted, to-wit: "If you find for the plaintiff, you would be authorized to return a verdict in his favor for such an amount, not exceeding the amount claimed, as in your sound *discretion,* as reasonable, sensible men, you think he is entitled to under the evidence, which is your guiding star along the line always."

Without deciding whether or not the charge is faulty, which is unnecessary to a disposition of the case, since the judgment has to be reversed, as seen, for other reasons, we would suggest that on the next trial the court use the word "judgment" in place of the word "discretion," as employed in the charge. This would clear the charge of all criticism.—*Kansas City, Memphis & Birmingham R. R. Co. v. Thorhill,* 141 Ala. 235, 37 South. 412; *Birmingham Ry., L. & P. Co. v. Humphries,* 171 Ala. 291, 54 South. 613; *Seaboard Mfg. Co. v. Woodson,* 98 Ala. 378, 11 South. 733.

What we have said sufficiently disposes of all the questions raised on this appeal.

For the error of the court in refusing to let defendant prove the contents of the transfer, the judgment is reversed, and the cause remanded.

Reversed and remanded.