(109 So. 890)

## BIRMINGHAM ELECTRIC CO. v. PUTMAN.
### (6 Div. 820.)

(Court of Appeals of Alabama. March 16, 1926. Rehearing Denied June 8, 1926.)

1. **Carriers ☜267.**

Under Code 1923, § 5383, street car company may fix a reasonable limit of time within which transfer tickets must be used to be valid.

2. **Carriers ☜356(7).**

Conductor of street car must rely entirely on transfer ticket presented to him in determining whether it entitles holder to transportation.

3. **Carriers ☜356(3)—Street railroad is not liable for wrongful eviction of passenger without unnecessary force on presenting transfer that had expired, but may be liable for negligence in issuing improper transfer or failing to furnish cars in time.**

Passenger, evicted from street car without unnecessary force on presenting transfer ticket, showing on its face that time limit for transportation had expired, cannot sue for wrongful eviction, but must sue for negligence of company in issuing an improper transfer or failing to furnish convenient cars on which transfer might have been used within its time limits.

4. **Carriers ☜356(3).**

Failure of passenger to secure passage within life of his transfer does not entitle him to ride on transfer showing on its face that time limit had expired.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by John C. Putman against the Birmingham Electric Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

———

Petition for certiorari dismissed by Supreme Court in Birmingham Electric Co. v. Putman, 109 So. 891.

Bradley, Baldwin, All & White, and Wm. Douglas Arant, all of Birmingham, for appellant.

The transfer was void, and did not entitle plaintiff to ride on the car from which he was evicted. Plaintiff was not a passenger on the occasion complained of. Code 1923, §§ 5383, 5385; Montgomery Traction Co. v. Fitzpatrick, 149 Ala. 511, 43 So. 136, 9 L. R. A. (N. S.) 851; Kiley v. Chicago City Ry. Co., 189 Ill. 384, 59 N. E. 794, 52 L. R. A. 626, 82 Am. St. Rep. 460; Kansas City M. & B. R. Co. v. Foster, 134 Ala. 244, 32 So. 773, 92 Am. St. Rep. 25. The face of the transfer is conclusive evidence to a conductor of the contract between the carrier and the passenger. If the transfer is void, the conductor is under duty, after requesting payment of cash fare and refusal by the passenger, to expel the passenger; and, if he uses no more force than is necessary, he is guilty of no wrong. McGhee v. Drisdale, 111 Ala. 597, 20 So. 391; McGhee & Fink v. Reynolds, 117 Ala. 413, 23 So. 68; Manning v. Louisville & N. R. Co., 95 Ala. 392, 11 So. 8, 16 L. R. A. 55, 36 Am. St. Rep. 225; Birmingham Ry., Light & Power Co. v. Yielding, 155 Ala. 359, 46 So. 747; Birmingham R., Light & Power Co. v. Stallings, 154 Ala. 527, 45 So. 650; Birmingham R., Light & Power Co. v. McDonough, 153 Ala. 122, 44 So. 960, 13 L. R. A. (N. S.) 445, 127 Am. St. Rep. 18.

William S. Pritchard and Jno. D. Higgins, both of Birmingham, for appellee.

Where the holder of a transfer of a street railway company is without fault, and has boarded the first available car on the transfer line, he is entitled to be carried, even though the time limit punched on his transfer has expired. Morningstar v. Louisville & N. R. Co., 135 Ala. 251, 33 So. 156; O'Rourke v. Street Ry. Co., 103 Tenn. 124, 52 S. W. 872, 46 L. R. A. 614, 76 Am. St. Rep. 639; Memphis St. R. Co. v. Graves, 110 Tenn. 232, 75 S. W. 729, 100 Am. St. Rep. 803; Perine v. North Jersey St. R. Co., 69 N. J. Law, 230, 54 A. 799; New York, L. E. & W. R. Co. v. Winter's Admr., 143 U. S. 60, 12 S. Ct. 356, 36 L. Ed. 71; Golden v. Pittsburg R. Co., 28 Pa. Super. Ct. 313; 4 R. C. L. 1122; 10 C. J. 815; Marx v. Louisiana W. R. Co., 112 La. 1085, 36 So. 862; Georgia Ry. & Electric Co. v. Baker, 125 Ga. 562, 54 S. E. 639, 7 L. R. A. (N. S.) 103, 114 Am. St. Rep. 246, 5 Ann. Cas. 484.

BRICKEN, P. J. The complaint in this case contains two counts, one charging assault and battery, and the other charging that defendant's servants wrongfully ejected plaintiff from a street car operated by defendant in the city of Birmingham, both counts claiming damages.

The only evidence in the record tending to show an assault, or an assault and battery, is that of the plaintiff, and his witness, Mrs. Hanners, and the two do not materially differ. Plaintiff testified:

"He (the conductor) drug me off the seat, and I walked up to the door, and the motorman opened the door. and taken me by the arm and pushed me off. He (the conductor) did not strike me, only taken hold of me and pulled me out of the seat."

It is not insisted in argument that the conduct of those in charge of the car amounted to an aggravated assault and battery, or that those in charge of the car did anything more than was reasonably necessary to effect the eviction of plaintiff from the car. It is conceded that plaintiff's right to recover in this action depends upon whether or not he was rightfully or wrongfully ejected from the car.

It is further conceded in briefs that plaintiff's standing as a passenger vel non depended upon the validity, at the time, of the transfer ticket presented by him to the conductor of the car from which he was evicted, and that the time limit punched on this transfer had expired. At the time the transfer was presented to the conductor, with the claim that it entitled plaintiff to transportation over the line in question, it appeared on its face that the limited time within which it could be rightfully presented for passage had expired. Was it the duty of the conductor to accept a ticket showing on its face that it was not good after a certain hour then expired?

Appellant insists that the conductor was bound by the letter of the ticket, or transfer; that this was his authority, and only authority, to transport plaintiff; and that this authority was of no further force and validity. On the other hand, the appellee insists that it was the duty of the conductor to accept the transfer in payment for transportation notwithstanding it appeared on its face to be functus officio; accepting and relying upon the alleged statement of plaintiff that he had been unable to secure passage upon a car, or cars, passing within the life of his transfer.

It is conceded that the authorities on the question are in conflict. As affecting the rights of the parties, we quote the following pertinent rule of the Public Service Commission of Alabama:

"(8) A transfer shall be issued to enable a through trip to points not connected by a single line, and it shall have no stop over privileges and shall be void unless used on some car passing the intersection point within the time punched, or on the first car passing thereafter."

[1] The rule of law applicable, which is sustained by the weight of authority, is stat-

ed as follows in 4 Ruling Case Law, 1121, § 569:

"The right of a street car company to reasonably limit the time within which a transfer check must be used is well established by the authorities."

[2] Section 5383 of the Code 1923, codifying the act of November 23, 1907, confers upon street car companies the right and authority to adopt rules and regulations for the issue and use of transfer tickets, and in such rule to fix the time limit within which the transfer may be used. Our courts are committed to the proposition that the conductor must rely entirely upon the ticket presented to him to determine his action.

In Montgomery Traction Co. v. Fitzpatrick, 149 Ala. 511, 43 So. 136, 9 L. R. A. (N. S.) 851, the rule is stated as follows:

"While it may be admitted that the weight of authority is that the conductor must rely entirely on the ticket in determining his action, and the Court street conductor could not be guilty of a wrong for ejecting a passenger who did not produce a proper transfer [citing many authorities], yet all of the authorities recognize that, while in such case there may not be a right of recovery on the ground of a wrongful ejection, yet there can be a recovery for the failure to fulfill the contract to carry, or for the negligence of the agent in giving the wrong ticket or transfer."

[3] In the cited case the gravamen of the action was the negligence of the conductor in giving the wrong transfer, and the eviction is averred as a consequence; whereas in this case the gravamen of the action is wrongful eviction—not negligence of the company in the issuance of an improper transfer, or a negligent failure to furnish convenient cars upon which the transfer might have been used within its time limits.

[4] A very similar case was before this court in Birmingham Ry. L. & P. Co. v. Smith, 14 Ala. App. 264, 69 So. 910, wherein this court recognized and applied the rule that the transfer was not good at a different time or place than that stipulated on its face, holding that, where this appeared on the face of the transfer. there could be no recovery for an eviction by the conductor to whom the invalid transfer was tendered for passage. The cited case follows the rulings of the Supreme Court on the proposition, some of which are therein cited. The case of Birmingham Ry. Light & Power Co. v. Yielding, 155 Ala. 359, 46 So. 747, and that of Montgomery Traction Co. v. Fitzpatrick, supra, are conclusive to the effect that plaintiff has misconceived his cause of action, if any he has; that the matters he seeks to set up in avoidance of the application of the rule affecting the validity of the transfer cannot be given such effect.

As above indicated, there is no allegation or contention that defendant's servants used great and unnecessary force and violence in effecting the eviction of plaintiff. It does not appear that said servants were rude, harsh, violent, or even discourteous, in forcibly ejecting plaintiff from the car. They had a right to evict plaintiff. Consequently defendant was entitled to the affirmative charge as to both counts in the complaint.

Reversed and remanded.