| 12  | 199 |
| 109 | 87  |

## CRUMPTON v. NEWMAN.

1. To constitute the offence of obstructing process, in a criminal point of view, there must be an active opposition; not merely taking charge of a debtor's property, keeping it out of view, and refusing when called on by an officer to place it within his reach.

2. A warrant, which recited, that W C did oppose W A, a constable, in the execution of civil process, by concealing, and keeping concealed, the property of one James Frost, is a nullity, and the party who caused it to be issued, as well as the officer who acted under its authority, are liable in trespass to the party arrested.

Writ of Error to the Circuit Court of Lowndes.

THIS was an action of trespass at the suit of the plaintiff in error, alledging an assault and battery upon, and imprisonment of him, by the defendant, without reasonable and probable cause, &c.   On a trial before the jury, the plaintiff read as evidence an affidavit and warrant as follows, viz :
" The State of Alabama, Lowndes county.  Personally came before me, R. S. Fletcher, an active justice of the peace in and for said county, Morris Newman, who being duly sworn, deposeth and saith, that on the 21st day of March, A. D. 1846, one William Crumpton, of said county, did oppose William

Atkinson, a constable of said county, in the execution of civil process by concealing and keeping concealed, the property of one James Frost, of the county aforesaid. Sworn to and subscribed before me, the 21st day of March, 1846.

MORRIS NEWMAN.

R. S. FLETCHER."

" The State of Alabama, Lowndes county. To any constable of said county, greeting : Whereas, complaint has been made to me, R. S. Fletcher, an acting justice of the peace in and for said county, on the oath of Morris Newman, that on the 21st day of March, 1846, one William Crumpton of said county, did oppose William Atkinson, a constable of said county, in the execution of civil process, by concealing, and keeping concealed, the property of one James Frost, of the county aforesaid. These are therefore to require and command you, by the authority of the State of Alabama, to arrest the said William Crumpton, and bring him before me or some other justice of the peace for the said county, at my office, on the 31st inst., to answer the said complaint, and further to be dealt with according to law. Given under my hand and seal, this the 21st day of March, 1846.

R. S. FLETCHER, (seal.)

The affidavit was made and subscribed by the defendant, and he delivered the warrant to Atkinson, the constable, to be executed. Other testimony was adduced by the plaintiff, showing that the christian name of Crumpton was inserted in the affidavit and warrant, after the former was made and the latter was delivered to the constable. It was also proved, that the plaintiff, when called on by the constable, refused to inform him where a wagon, supposed to be the property of Frost, could be found, and that the wagon was the property of another person.

Upon this evidence, the court charged the jury, that if the evidence adduced by the plaintiff was all true, the action was misconceived, and should have been case ; and in the present action the plaintiff could not recover. Thereupon the plaintiff's counsel asked leave to withdraw the cause from the jury, take a non-suit, and except to the ruling of the court according to the statute, which was granted ; and the foregoing facts and charge are presented to this court by bill of

exceptions—a judgment having been rendered against the plaintiff for costs.

B. F. PORTER and F. H. BRODIE, for the plaintiff in error, insisted, that the warrant was a nullity, and afforded no protection to the defendant who caused it to be issued and executed. [1 Chit. Pl. 211; Clay's Dig. 430, § 20; 1 Hale's Pleas of Cro. 577; 2 Bla. Rep. 846.]

No counsel appeared for defendant.

COLLIER, C. J.—The 20th section of the 5th chapter of the penal code, enacts, that "if any person shall knowingly and wilfully resist or oppose any officer of this State, in serving or attempting to serve, or execute, any legal writ or process whatsoever, he shall, on conviction thereof, be fined not less than fifty, and not exceeding one thousand dollars." [Clay's Dig. 430, § 20.] It is perfectly clear, that the mere concealment of property of a debtor, or the refusal to inform an officer who has an execution against his estate, where it may be found, does not amount to an offence under this statute, or at the common law. To constitute the offence of resisting or obstructing process in a criminal point of view, there must be an active opposition; not merely taking charge of a debtor's property, keeping it out of view, and refusing when called on by an officer to place it within his reach. This is so clear a principle of law, that it is unnecessary to cite authority for its maintenance.

The question then is, is the warrant under which the plaintiff was arrested, a nullity, so that the arrest and detention under its authority was an unlawful imprisonment? In Duckworth v. Johnston, 7 Ala. Rep. 578, a warrant was issued by a justice of the peace, requiring the arrest of the plaintiff, upon the oath of the defendant, that the plaintiff "had property in his hands, in a fraudulent condition." We there said, that the "mere fact that one is the custodian of property, in fraud of the rights of others, or holds it to the prejudice of his own, or third persons' creditors, will not subject him to proceedings at the instance of the State." *Further*, it must

26

be intended that the warrant recites the substance of the accusation, and upon this hypothesis it is defective ; for although it be true, the offence is not punished criminally.   In that case, as well as the present, the warrant conformed to the affidavit, and there was no variance of which the defendant could avail himself.   It was added that " the case stated in the warrant, being without the jurisdiction of the justice of the peace, it necessarily follows the warrant is void for defects apparent on its face."   Many authorities are cited by the court, from which these conclusions are deduced. Where an injury is done to a person by the regular process of a competent court, *case* is said to be the proper remedy, and *trespass* is not sustainable ; but where the warrant is a nullity, it should not be executed, and the party who caused it to be issued, as well as the officer who acted under its authority, are liable in trespass to the party arrested.

The case cited, is a satisfactory authority to show, that the present action is properly conceived.   We have seen that the warrant does not disclose an offence known to the law.   It it had merely stated that the plaintiff resisited or opposed the execution of process, it perhaps would have been sufficient ; but in developing the accusation it goes beyond this, and shows that what is called a resistance of the action of the constable does not constitute a criminal offence.   The entire proceeding indicated by the affidavit and warrant was then *coram non judice:* consequently the judgment is reversed and the cause remanded.