CASE 107.—ACTION BY JOSIE McKINLEY AGAINST THE LOUISVILLE & NASHVILLE RAILROAD COMPANY.—April 22, 1910.

## McKinley v. L. & N. R. R. Co.

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From a judgment of dismissal, plaintiff appeals.— Affirmed.

1. Carriers—Passengers—Ejection—Right.—Plaintiff was properly ejected from defendant's passenger train where she had no ticket entitling her to ride on its road, and refused to pay her fare.

2 Carriers—Passengers—Ejectment of Passengers—Liability.— If the conductor used unnecessary force or offered insult or indignity to a passenger in ejecting her, the railroad company would be liable, though the passenger's ticket did not entitle her to ride.

3. Carriers—Passengers—Ejection—Place.—If a passenger was ejected from a railroad train at a time and place when serious injury would likely result, the railroad company would be liable for resulting injuries, though she was not entitled to ride on her ticket.

4. Carriers—Passengers—Ejection—Trespassers.—Because she had no ticket and refused to pay her fare plaintiff was put off defendant's passenger train at a late hour on a dark and rainy night at a point somewhat more than a mile from the station at which she boarded it, and was compelled to walk back to such station, carrying her baggage and a four year old child, but was able to reach the station in time to take a train on the road over which her ticket was good to final destination, whereas, if she had been carried to the next station and put off, she probably could not have procured accommodations and would have been compelled to wait until the next day to get another train. Plaintiff did not request to be carried to the next station and put off. Held, that she could not complain because of the place at which she was put off.

5. Carriers—Passengers—Sale of Tickets—Negligence of Agent.
—Where plaintiff asked a ticket agent at a union depot for
its ticket to a certain point, without stating by which route
she wished to go, and was given a ticket which showed
plainly that it was over a certain road, the agent was not
negligent so as to entitle plaintiff to recover damages for
being put off the train of another road, to which she
changed cars, over which the ticket was not good; he having
the right to assume that plaintiff knew the route she wished
to take and could read the ticket so as to have the route
changed if she desired.

6. Carriers—Passengers—Duty of Agents.—It is a ticket agent's
duty to advise a passenger of the time of the departure
of trains and as to the proper train to take only when the
passenger requests such information and where a passenger
asked the ticket agent, at the point where she changed cars,
when the train left for a certain place, and was told that a
train left for that place at a certain time on two roads,
over one of which she held a ticket, the agent was not guilty
of negligence so as to authorize recovery from the company
for damages for being ejected from a train on the road over
which the ticket was not good.

LITTLE & SLACK for appellant.

WILBUR F. BROWDER, B. D. WARFIELD and REUBEN MIL-
LER for appellee (L. & N. R. R. Co.)

J. D. ATCHISON, BLEWETT LEE and TRABUE, DOOLAN
& COX for appellee (Ill. Cent. R. R. Co.)

OPINION OF THE COURT BY JUDGE LASSING—Affirm-
ing.

The appellant, Mrs. Josie McKinley, sued the
Louisville & Nashville Railroad Company and the
Illinois Central Railroad Company for damages al-
leged to have been sustained because she was wrong-
fully ejected from one of the trains of the Illinois
Central Railroad Company under the following cir-
cumstances: On November 19, 1907, she purchased
a ticket at Owensboro, Ky., entitling her to passage
to Maxwell, Tenn., by Nashville. This ticket was
purchased at the Union Station in Owensboro of an
agent who was the joint employe of the Louisville

& Nashville Railroad Company, the Illinois Central Railroad Company, and the Louisville, Henderson & St. Louis Railroad Company. Both the Louisville & Nashville Railroad Company and the Illinois Central Railroad Company were operating lines from Henderson to Nashville, and the distance from Henderson to Nashville was practically the same over the respective lines. Plaintiff did not indicate at the time she purchased the ticket which line she desired to travel over, and the agent in charge of the station at Owensboro who sold her the ticket routed her over the Louisville & Nashville from Henderson. She accepted this ticket, paid for it, and shortly thereafter took passage on one of the Louisville, Henderson & St. Louis trains for Henderson. She reached Henderson about midnight. Shortly thereafter she entered the ticket office at the Union Station at Henderson and told the agent in charge—who was likewise the employe of the three roads above designated —that she had a ticket from Owensboro to Nashville, and asked him how long it would be before a train would leave for Nashville. The agent informed her that there were two trains going to Nashville that night, one a Louisville & Nashville train and the other an Illinois Central train, and that either would carry her to Nashville. She remained in the depot until about 3 o'clock, at which time she boarded an Illinois Central train. As she was in the act of doing so the brakeman asked her where she was going, and she replied Nashville; whereupon he permitted her to enter the car. After she had traveled something more than a mile on said Illinois Central train, the conductor put her off the train because she refused to pay her fare. The night was dark and it was raining. She was compelled to and did walk back to the Union Station, a distance of something more than a mile, carrying her baggage and a four year old child.

These facts were in substance set out in her petition, wherein she sought to recover damages in the sum of $2,000 from the defendant companies. Each company filed a general demurrer to the petition. That of the defendant the Louisville & Nashville Railroad Company was sustained; but as the petition alleged that the plaintiff, when she was ejected from the train, had a ticket entitling her to passage over the Illinois Central Railroad from Henderson to Nashville, the demurrer of the Illinois Central was overruled. It thereupon answered, and, in addition to traversing the material allegations of the petition, set up the fact that the ticket which plaintiff had did not entitle her to passage over the Illinois Central, but over the Louisville & Nashville Railroad from Henderson to Nashville, and a copy of the ticket was set up and described in the pleading. With these facts fully before it the court permitted the defendant the Illinois Central Railroad Company to renew its demurrer, and it was sustained. Plaintiff declined to plead further, and her petition, first as to the Louisville & Nashville Railroad Company and later as to the Illinois Central Railroad Company, was dismissed. She appeals.

Two questions are raised for determination: First. Does the petition state a cause of action against either or both defendants? Second, Has plaintiff's right of appeal been lost or waived because she failed to object to the motion to dismiss her petition after the demurrer had been sustained, and failed to except to the ruling of the court when the judgment had been entered?

Appellant's ticket called for passage over the Louisville & Nashville Railroad from Henderson to Nashville, and, of course, did not entitle her to passage over the lines of the Illinois Central. As she had no ticket entitling her to passage and refused to

pay her fare, she can not complain of the action of that company in refusing to transport her to her destination. This court has frequently upheld the right of carriers to eject passengers where they failed to produce a ticket or pay their fare. As said in the case of Flood v. C. & O. Ry. Co., 80 S. W. 184, 25 Ky. Law Rep. 2135: "One who enters a passenger train and refuses to pay fare becomes a trespasser, and may be ejected by the conductor." Of course, if in putting the passenger off of the train the conductor uses any unnecessary force, or offers to the passenger any insult or indignity (L. & N. Ry. Co. v. Fowler, 123 Ky. 450, 96 S. W. 568, 29 Ky. Law Rep. 905), or ejects him from the train at a time and place when serious injury would likely result to him (Brown's Adm'r v. L. & N. R. Co., 103 Ky. 211, 44 S. W. 648, 19 Ky. Law Rep. 1873), the company would be liable —not for putting him off, but for the manner in which it was done. In ejecting appellant the conductor used no force whatever; nor was he rude or insulting in his manner; nor were the circumstances and surroundings such that in ejecting her where he did it was likely she would receive serious injury. She wanted to go to Nashville, and it was perhaps really better for her that the conductor ejected her when he did rather than take her to the next station, where it is most likely that, on account of the lateness of the hour, she would have had no accommodations or place of shelter, and would have been compelled to wait until the next day to get a train back; whereas, by walking the mile or so back to the depot, while no doubt fatiguing, and, on account of the rain, disagreeable, she was able to take the train on the Louisville & Nashville Railroad for Nashville that night. She made no request that she be not put off between stations or that she be carried to the next station. Her demand was that she be returned to the Hender-

vol. 137—54

son depot. With this request, of course, the conductor could not comply, and appellee was under no duty to do so. Under all the circumstances, it was perhaps more convenient to appellant to be put off where she was than at any other place along appellant's line of road, unless she had been carried to her destination.

No ground of complaint being afforded her by being ejected from the train when, where, and as she was, if appellees or either of them were negligent, it was the failure of their agents at Owensboro and Henderson to properly instruct appellant as to how she should proceed; and it is upon this point that her counsel in the main relies. It is argued that the agent at Owensboro was negligent in not telling appellant when he sold her the ticket over which road it routed her and how she must go. Undoubtedly, if she had asked such question, it would have been his duty to have advised her, but his duty did not require him to volunteer information unsought. Appellant asked for a ticket to a certain point in Tennessee by way of Nashville. The agent had the right to presume that she not only knew where she wanted to go, but the way to reach that point. He sold her a ticket entitling her to passage from Owensboro to Maxwell, Tenn., over the lines of the Louisville & Nashville. The ticket, in plain and unmistakable terms, showed that she was routed over the Louisville & Nashville. He had a right to presume that she could read, and if she could, and exercised any degree of care whatever, she could have easily informed herself as to the road over which she would travel. Possessed of this information, all that remained for her to learn of the agent was the time of the departure of the train from Owensboro. This she evidently learned, for it is recited in her petition that shortly after the purchase of the ticket she boarded a train for Henderson,

which place she reached shortly after midnight without accident. Clearly the agent at Owensboro who sold her the ticket cannot be charged with being negligent in any respect whatever. Upon arriving at Henderson, she notified the agent that she had a ticket from Owensboro to Maxwell, Tenn., by way of Nashville, and made inquiry when the train left for Nashville. She was told by the agent that there were two trains, an Illinois Central train and a Louisville & Nashville train, and that either would take her to Nashville. The time of the departure of each was given her. This was all the information she really needed if she had read her ticket, as the ticket in her possession called for passage over the Louisville & Nashville Railroad. When the agent had informed her of the time of the departure of this train, she had received all of the information necessary to enable her to continue her journey. If she could not read so as to inform herself as to which train she must take, upon being informed that there were two trains running from Henderson to Nashville, she should have called upon the agent for information, and told him that she could not read, and did not know over which road her ticket routed her, or else should have exhibited her ticket to him and asked him to direct her what train to take. This slight care on her part would have avoided all opportunity for trouble, but, as she did neither, and the agent answered correctly and accurately the question asked him, we fail to see wherein he was recreant in the discharge of any duty owing to her. The station agent's duty is primarily to look after the business of his employer and to give to prospective passengers and others having business with the road such advice and information relating to their business as is sought. We are furnished with no authority which places upon the company through its station or ticket

agents a duty higher than that defined in 1 Supp. A.
& E. Encyc. 581, note 4, which requires that, on re-
quest by a passenger or prospective passenger, it is
the duty of the agent to advise him of the time of the
departure of trains and as to what train he should
take. This duty is entirely rested upon and arises
only when the information is sought by the passen-
ger. It need not be volunteered, and, when it is not
sought or requested by the passenger, the presump-
tion is that the passenger is already informed, and is
not in need of the advice or information. No such
request was made here. Appellant asked only as to
the time of the departure of the train for Nashville.
did not exhibit her ticket to him and seek his advice.
the agent as to what road she desired to travel. She
did not exhibit her ticket to him and seek his advice.|
He had no means of knowing over what road she was
routed, and hence he gave her all of the information
that it was possible for him to give under the cir-
cumstances, to-wit, he told her when the train on
each road left, and this information, with that which
she could have received by reading her ticket, was
ample to have guided her aright. In failing to give
appellant information which was not sought and
which he could not know was needed, the agent at
the station at Henderson violated no duty owing by
defendants or either of them to appellant, and her
failure to take the right train and the consequent in-
convenience suffered was the result of her own neg-
ligence, for which appellees are in no wise responsi-
ble.

The trial court did not err in holding that the plain-
tiff stated no cause of action. It is unnecessary to
pass upon the other question raised.

Judgment affirmed.