(80 South. 151)

LAMB v. MITCHELL. (7 Div. 529.)

(Court of Appeals of Alabama. Nov. 26, 1918.)

1. CARRIERS �köö275—PASSENGERS—CARRIAGE BEYOND DESTINATION—PLEADING.

A complaint in a passenger's action for carrying her beyond destination to which she purchased a ticket is demurrable when it does not aver that the train on which she took passage was scheduled to stop at the station for which the ticket was purchased.

2. CARRIERS ⊙ꝏ262 — PASSENGERS — DUTY TO FURNISH INFORMATION.

It is the duty of a carrier to furnish passengers and intended passengers with information as to its system and course of conduct as may be reasonably necessary to enable them to pursue their journey.

3. CARRIERS ⊙ꝏ251—PASSENGERS—DUTY TO FURNISH INFORMATION — AUTHORITY OF TICKET AGENT.

A ticket agent authorized to sell tickets has authority, on application of a passenger or intended passenger, to give information as to the proper train on which a ticket entitles the passenger to travel, and like information regarding the use of the ticket.

4. CARRIERS ⊙ꝏ264 — PASSENGERS — DUTY OF PASSENGER TO OBTAIN INFORMATION.

Ordinarily, it is the duty of a passenger on a railroad to inform himself as to what train his ticket entitles his carriage upon, and the carrier need not volunteer such information, unless the schedule has been changed after the ticket has been sold, or such change has been made without giving the ordinary notice to the public.

Appeal from Circuit Court, Clay County; A. H. Alston, Judge.

Action by Mrs. Nancy A. Mitchell against E. T. Lamb, as receiver of the Atlanta, Birmingham & Atlantic Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 4 alleges, in effect, that plaintiff desired to reach Lanett; went over to defendant's railroad on the station of Cragford to the station of Standing Rock, where she was accustomed to make connection with the Chattahoochie Valley road for her destination to Lanett, and that on several prior trips defendant's train had delivered her at her destination in Standing Rock, but that the schedule had been recently changed, of which plaintiff was unaware, and, acting under presumption that the schedule was the same as on former trips, she purchased a ticket from the agent at Cragford to Standing Rock, and said agent knew, or should have known, that the schedule had been recently changed, and knew, or should have known, that plaintiff was acting on the presumption that it had been on a previous trip, and that said train, leaving a short time

after she purchased her ticket, would go to Standing Rock, sold plaintiff a ticket to Standing Rock, and negligently allowed plaintiff to take such train, said agent knowing at the time that the train did not go further than Roanoke; said agent at the time having sufficient information to inform him that plaintiff was not aware of the fact that said train stopped at Roanoke, and negligently permitted plaintiff to buy a ticket to Standing Rock on said train, and to take passage on said train, and that in so doing said agent was guilty of negligence, and that this plaintiff was thereby compelled on reaching Roanoke to hire private conveyance from Roanoke to Standing Rock in order to meet her engagement to consult her physician, and that by reason thereof, and in consequence of her trip by private conveyance from Roanoke to Standing Rock, she suffered certain injuries, which are set out, and that said sickness and suffering proximately caused by the negligence of defendant's agent in permitting plaintiff to take passage on said train, which defendant's agent knew did not go to the station of Standing Rock, although he sold her the ticket to Standing Rock. Plea (5) is similar to (4).

O. B. Cornelius, of Ashland, and Tillman, Bradley & Morrow, of Birmingham, for appellant.

Lackey & Rowland, of Ashland, for appellee.

BROWN, P. J. [1] The gravamen of the first and second counts of the complaint is the breach of the contract of carriage—the failure to transport the plaintiff to Standing Rock, the final destination of the ticket—and said counts were subject to the objection pointed out in the demurrers that they did not aver that the train upon which the plaintiff took passage was scheduled to pass and stop at Standing Rock. L. & N. R. R. Co. v. Maxwell, 190 Ala. 47, 66 South. 669; Southern Ry. Co. v. Farquhar, 192 Ala. 415, 68 South. 289; A. G. S. Ry. Co. v. Carmichael, 90 Ala. 19, 8 South. 87, 9 L. R. A. 388; L. & N. R. R. Co. v. Thomason, 6 Ala. App. 365, 60 South. 506.

[2, 3] It is the duty of a carrier to furnish passengers and those who in good faith intend to become such with information as to its system and course of conduct as may be reasonably necessary to enable them to pursue their journey, and the passenger has the right to rely upon such information as may be given by the carrier or its authorized agents or employés. The authorities agree that a ticket agent authorized to sell tickets has authority, and that it is his duty, upon application of a passenger or intended passenger, to give information as to the proper train upon which a ticket entitles the passenger to travel, and other like information re-

garding the use of the ticket. L. & N. R. R. Co. v. Thomason, supra; 4 Rul. Case Law, 1068, § 517; St. L. & S. W. R. R. Co. v. White, 99 Tex. 359, 89 S. W. 746, 2 L. R. A. (N. S.) 110, 122 Am. St. Rep. 631, and note 13 Ann. Cas. 965.

[4] Ordinarily, it is the duty of a passenger to inform himself as to what train his ticket entitles him to carriage upon, and no duty rests upon the carrier or its agents to volunteer such information, unless there has been a change in the schedule of its trains after the sale of the ticket to the passenger, or such change has been made without giving such notice to the public as is ordinarily given by well-conducted carriers of the same class. Sears v. Eastern R. Co., 14 Allen (Mass.) 433, 92 Am. Dec. 780; 4 R. C. L. 1068, §§ 517, 518; McKinley v. L. & N. R. R. Co., 137 Ky. 845, 127 S. W. 483, 28 L. R. A. (N. S.) 611; Gorden v. Manchester & L. R. Co., 52 N. H. 596, 13 Am. Rep. 97; Weed v. Panama R. Co., 17 N. Y. 362, 72 Am. Dec. 474; Cormack v. N. Y., N. H. & H. R. Co., 196 N. Y. 442, 90 N. E. 56, 24 L. R. A. (N. S.) 1209, 17 Ann. Cas. 949.

When these principles are applied, it is manifest that the demurrer to the third and fourth counts of the complaint should have been sustained.

There are other questions presented by the assignments of error, but as the pleadings must be amended and the issues will be different, we deem what has been said sufficient to guide the trial court on another trial, if the plaintiff sees fit to prosecute her suit further.

Reversed and remanded.