(128 So. 447)

**DANIELS et al. v. MILSTEAD.**

**7 Div. 939.**

Supreme Court of Alabama.

April 17, 1930.

Rehearing Denied June 5, 1930.

Hardegree & Cockrell, of Ashland, for appellants.

Pruet & Glass, of Ashland, for appellee.

**BROWN, J.**

The plaintiff sued the defendant Daniels and the National Surety Company, the surety on Daniels' official bond as deputy game warden; two of the counts in the complaint alleging malicious prosecution, and the other false imprisonment. The defendants pleaded the general issue in short by consent, etc., and the trial resulted in a verdict and judgment for the plaintiff.

The evidence is without dispute that the defendant Daniels, acting by virtue of his office or under color thereof, arrested the plaintiff without a warrant and incarcerated him in the county jail of Clay county, where he remained for about twenty-four hours. The appellee's contention here is that under the undisputed evidence the plaintiff was entitled to the affirmative charge on the false imprisonment count, and though errors may have intervened, they were without injury.

The defendants' contention, on the contrary, is that plaintiff at the time of his arrest was engaged in hunting without a license, in violation of section 4199 of the Code of 1923 (Game and Fish Laws of Alabama 1929–30, § 15, page 23), which provides:

"Any person who hunts on lands other than he owns or rents without first obtaining a county hunting license, permitting him or her to do so, or who hunts outside of the county in which he actually resides without first obtaining a state hunting license, permitting him or her to do so; any non-resident of the state who hunts in this state, without first obtaining a non-resident hunting license, permitting him or her to do so; or who lends or transfers his hunting license to another, shall be guilty of a misdemeanor, and, upon conviction, shall be punished by a fine of not less than ten dollars nor more than twenty-five dollars; provided that all land-owners and landlords and members of their own families may hunt upon their own land without a license; and tenants and members of their families may hunt upon the land which they rent without license."

The arrest was made about 10 o'clock p. m., and the plaintiff's evidence tended to show that a short time before the arrest, plaintiff, then nineteen years of age, was at his home in the country, located near a woodland. That a "varment" of some character disturbed the hen roost, and plaintiff at the suggestion of his father, untied the dog, and the dog went immediately to the rescue of the chickens and began to open a hot trail, and in a few minutes treed. That plaintiff and some of the neighbors, who came to visit bringing a lantern, with ax and lantern followed the chase and found a "possum" up a black oak "saplin" on the premises which were in the possession of plaintiff and his father, under a lease from the owners.

After taking the "possum," plaintiff and his friends, on the way back to the house, encountered defendant Daniels and one of his aids, who arrested plaintiff, took him in an automobile, carried him to Ashland, and put him in jail. On the day following Daniels obtained a warrant from a justice of the peace. Plaintiff was tried before the justice and was adjudged guilty, and appealed to the circuit court, where he was discharged.

The defendant's contention on the trial, and here, is that at the time of said arrest defendant had probable cause for believing that plaintiff was then violating the law, by hunting without a license. That he then had in his possession said "possum"; that others in the party had a lantern and an ax, and plaintiff, in response to defendant's inquiry, admitted that he did not have a license to hunt, and did not know who owned or was in possession of the premises he was on at the time of his arrest. At that time, according to the tendencies of defendant's evidence, a mile or more from the home of his father, and the premises on which said home was situated, was a forty-acre tract.

■■ In false imprisonment, the essence of the tort is that the plaintiff is forcibly deprived of his liberty, and the good intent of the defendant, or the fact that he had probable cause for believing that an offense was committed, and acted in good faith, will not justify or excuse the trespass. Crumpton v. Newman, 12 Ala. 199, 46 Am. Dec. 251; Rich v. McInerny, 103 Ala. 345, 15 So. 663, 49 Am. St. Rep. 32; 11 R. C. L. 791, §§ 3, 6; Gallon v. House of Good Shepherd, 158 Mich. 361, 122 N. W. 631, 24 L. R. A. (N. S.) 286, 133 Am. St. Rep. 387.

"In order to constitute a case of false imprisonment it is essential that there be some direct restraint of the person; but to constitute 'imprisonment,' in the sense in which the word is here used, it is not necessary that there should be confinement in a jail or prison. Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty,

compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment. So, if an officer tells a person that he is under arrest, and he thereupon submits himself to the officer, going with him and obeying his orders, such person is deprived of his liberty, and if the act of the officer is unlawful this is a false imprisonment," etc. 11 R. C. L. 793, § 5; Bissell v. Gold, 1 Wend. (N. Y.) 210, 19 Am. Dec. 480; Strain v. Irwin, 195 Ala. 414, 70 So. 734.

Section 673 of Game and Fish Laws of Alabama, 1929-30 provides that, "The Commissioner of Game and Fisheries and his deputies, wardens or agents, *may serve criminal process* as sheriffs and constables"; but there is nothing in the game and fish laws, or the general statutes, authorizing the commissioner, his deputies, wardens, or agents, as such, to arrest without a warrant. In this respect they have no more authority than a private person, who "may arrest another for any public offense committed in his presence"; and where a felony has been committed, though not in his presence, and he has reasonable cause to believe that the person arrested committed it, a private person may arrest such person without a warrant. Code of 1923, § 3267.

In such case the statute makes it the duty of such private person to take the person arrested, "without unnecessary delay before a magistrate, or to deliver him" to the sheriff, or other officer acting as sheriff, or his deputy. or the constable of the precinct, or the marshal, deputy marshal, or policeman of the jurisdiction where the arrest is made. Code of 1923, §§ 3261, 3269; Cary v. State, 76 Ala. 78; Hayes v. Mitchell, 69 Ala. 452.

In such case the private person making the arrest has no authority to put the person arrested in jail, and if he does without regard to whether the person arrested is guilty of a criminal offense, this would be false imprisonment, and the subsequent procurement of a warrant is no justification for such wrongful imprisonment.

The testimony of the defendant shows that he was guilty of false imprisonment, and that in arresting and imprisoning the plaintiff, he acted by virtue of his office, or under color thereof, rendering his surety liable. Code of 1923, § 2612; Deason v. Gray et al., 192 Ala. 611, 69 So. 15.

After the taking of testimony had been concluded, the plaintiff by leave of the court amended his complaint by filing the false imprisonment count; up to this state of the proceedings only counts for malicious prosecution were in, and appellants now suggest that they were prejudiced by the allowance of this amendment. It is a sufficient answer to this suggestion that no objection was made to the allowance of the amendment at the time it was made, though it had been previously offered and defendant's objection thereto had been sustained.

Moreover, it has long since been held that "an amendment to the complaint which presents a good cause of action and which there is evidence before the jury tending to support, should be allowed 'after the evidence was through and before the charge of the court.'" Fields v. Karter, 121 Ala. 329, 25 So. 800.

Charges A and C, given at the instance of the plaintiff, as applied to the counts for malicious prosecution—and they were only pertinent to those counts—pretermit a finding that the prosecution was sued out maliciously and without probable cause; but inasmuch as plaintiff was entitled to the affirmative charge, for reasons above stated, no injury resulted.

The same is true as to charges refused to defendant, if error intervened.

We find no reversible error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.