169 So. 697

**POLLARD v. JARRETT.**

6 Div. 859.

Supreme Court of Alabama.

June 4, 1936.

Rehearing Denied Oct. 8, 1936.

W. H. Sadler, Jr., of Birmingham, for appellant.

John W. Altman and J. L. Drennen, both of Birmingham, for appellee.

BROWN, Justice.

The gravamen of counts A and B, on which the case was submitted to the jury, is the negligence of the defendant's station agent in selling plaintiff a ticket fixing her destination as Irondale and directing her to board a through train that did not stop at her destination. While ordinarily the passenger must inform himself as to the train on which the ticket entitles him to carriage, he has the right to rely on the information he obtains from the carrier's agent who sells the ticket. Lamb v. Mitchell, 16 Ala.App. 577, 80 So. 151; South & North Alabama Railroad Co. v. Huffman, 76 Ala. 492, 52 Am.Rep. 349; Southern Ry. Co. v. Pruett, 200 Ala. 675, 77 So. 49; Louisville & Nashville Railroad Co. v. Fuqua, 187 Ala. 464, 65 So. 396, 52 L.R.A.(N.S.) 668.

Said counts were not, therefore, subject to the objection that they did not aver that the train which the plaintiff boarded, as instructed by the defendant's agent, was scheduled to stop at Irondale, the ticket destination.

The ground of objection to the allowance of the amendment to the complaint by interlineation, adding as an element of damages that "future child-bearing rendered impossible or usually and highly dangerous to her life," was that the amendment "comes too late." The objection was overruled without error. Code 1923, § 9513; Daniels et al. v. Milstead, 221 Ala. 353, 128 So. 447.

Assuming that the evidence elicited by the question asked the doctor, set out in the eighth assignment of error, was subject to the objection that this element of damage was not claimed in the complaint—the only ground assigned—the objection was met by the amendment which was then made, and the court did not err in overruling the objection.

It was permissible for the witness to testify that she was excited and made nervous by the announcement of the train conductor that the train would not be stopped at Irondale, and such evidence was material. Louisville & Nashville Railroad Co. v. Quick, 125 Ala. 553, 28 So. 14.

It was admitted on the trial that the defendant's agent sold the plaintiff a ticket to Irondale and wrongfully instructed her to board the Seminole Limited, which was not scheduled to stop at plaintiff's destination. The conductor, when he took up her ticket and ascertained her destination, did not offer to stop the train, but required her to pay additional fare, which, according to the undisputed evidence, exhausted her meager purse. The trainman offered her no aid, other than to set her grips down on the station platform in Birmingham. The plaintiff, as the evidence shows, was pregnant, and had a small child to carry in addition to her baggage. There is evidence tending to show that plaintiff suffered physical injury as a result of the excitement and mental worry, proximately caused by the negligence of defendant's station agent.

We can not affirm, in the face of these circumstances, that the verdict of the jury was excessive.

We find no reversible error on the record.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.