James Farmer filed this action for compensatory and punitive damages against Granvil Yancey and his wife, Willodean Yancey, for assault and battery, false imprisonment, and conspiracy to commit assault and battery and false imprisonment. The jury returned a verdict against each defendant for $85,000.00. A judgment for $170,000.00 was entered against the defendants and they appeal.
Farmer and the Yanceys lived about a half-mile apart in a rural community. They had known one another most of their lives and apparently there had been no ill will between them prior to the incident in question. Farmer owned a fish market and, in connection with the market, he fished commercially and trapped. The Yanceys suspected Farmer of involvement in the illegal trapping which had been taking place in the community. On the day in question they found Farmer near illegally set traps and informed him that they intended to make a citizen's arrest for illegal trapping. An affray followed and during the course of the altercation Farmer suffered a broken jaw and three cracked ribs.
The defendants raised numerous issues on appeal. One involves the trial court's refusal to allow them to introduce evidence of Farmer's criminal conviction in district court for illegal trapping. Farmer appealed the district court conviction and the case was pending in circuit court at the time of the trial in this case.
A private citizen may make an arrest for an offense committed in his presence. Section 15-10-7, Code of Alabama (1975). If the person who was forcibly detained did not, in fact, commit a crime, however, the detainee may bring an action for false imprisonment. In such a case, the good faith of the person making the arrest or the existence of probable cause that the person arrested committed a crime does not justify the trespass. Daniels v. Milstead, 221 Ala. 353, 354, 128 So. 447
(1930). Even though it does not excuse the trespass, evidence that the person making the citizen's arrest acted in good faith and had *Page 992 
reasonable grounds to believe that his actions were lawful is admissible in a false imprisonment action to rebut a claim for punitive damages. Simpson v. Boyd, 212 Ala. 14, 101 So. 664
(1924); Phillips v. Morrow, 210 Ala. 34, 97 So. 130 (1923).
As a general rule a person's conviction in a criminal case is admissible against him in a civil action to show that he did the act for which he was convicted. If, however, the accused is entitled to a trial de novo in circuit court on an appeal of a district court conviction, the district court's judgment of conviction is vacated by such an appeal and the district court conviction is not admissible to prove that the accused did the act he was accused of. McElroy's Alabama Evidence, §§ 269.05 (1), (4). Since Farmer appealed his district court conviction the Yanceys were not entitled to introduce the conviction to show that Farmer was trapping.
The Yanceys argue that the district court conviction was admissible, not on the question of liability, but on the issue of punitive damages. They contend that evidence of the conviction should have been allowed to support their claim that they had probable cause to arrest Farmer. In support of that proposition the defendants draw an analogy from the law of malicious prosecution. A judgment of conviction is prima facie evidence that probable cause for instituting the prosecution existed. Evidence of a conviction in district court is admissible in a malicious prosecution action to prove that the defendant had probable cause to believe that the accused committed the crime he was charged with even if the accused was found not guilty in the circuit court on appeal. Brown v.Parnell, 386 So.2d 1137, 1139 (Ala. 1980); Republic Steel Corp.v. Whitfield, 260 Ala. 333, 337, 70 So.2d 424 (1953). Defendants argue that if a conviction constitutes prima facie evidence of probable cause for instituting a prosecution in a malicious prosecution action, it should also be relevant to show that probable cause existed to make an arrest.
We agree. Evidence of a conviction in district court should be allowed in a false imprisonment action on the question of damages in support of the defendants' claim that they had probable cause to make a warrantless arrest regardless of the pendency of an appeal to circuit court. The trial court erred when it refused to allow the defendants to introduce evidence of Farmer's conviction in district court for illegal trapping. The defendants preserved the error by making a proper offer of proof. Therefore, the judgment must be reversed based on the court's refusal to allow admission of the proffered evidence.
Although resolution of the issue of the admissibility of the district court conviction is dispositive of this appeal, we will address another of the issues raised by the defendants in order to avoid confusion over the issue on retrial. When the jury retired for its deliberations, separate verdict forms were sent into the jury room for each defendant. The jury returned a verdict against Mr. Yancey stating, "We, the jury, find the issues in favor of the plaintiff and against the defendant, Granvil Yancey, and assess the plaintiff's damages at $85,000.00." A verdict for $85,000.00 in like form was also returned against Mrs. Yancey. The judgment rendered by the trial court on the jury's verdicts was as follows:
 "Accordingly, it is adjudged and decreed that the plaintiff, James Farmer, recover from the defendant, Granvil Yancey, a judgment in the amount of eighty-five thousand ($85,000.00) dollars, and further that the plaintiff, James Farmer, recover from the defendant, Willodean Yancey, judgment in the amount of eighty-five thousand dollars, this being the aggregate of one hundred seventy thousand ($170,000.00) dollars. The costs herein are taxed to the defendants."
Under Alabama law damages against joint tort-feasors are not apportioned. Joint tort-feasors are jointly and severally liable for the entire damage sustained. Battle v. Morris,265 Ala. 581, 93 So.2d 428, 432 (1957). The satisfaction of a judgment against one joint tort-feasor discharges *Page 993 
the other from liability. Williams v. Woodman, 424 So.2d 611,613 (Ala. 1982).
In this case verdicts of $85,000.00 were rendered against each of two joint tort-feasors. A judgment for $85,000.00 plus costs was entered against each defendant based on the verdicts. Therefore, either of the two defendants could satisfy the judgment against him by paying $85,000.00 plus court costs. Since the satisfaction of the judgment by one joint tort-feasor would discharge the other tort-feasor from liability, if either defendant were to satisfy the judgment against him by paying $85,000.00 plus court costs, the other defendant would be discharged from liability. Therefore, the trial court's ruling that the judgment was for an aggregate amount of $170,000.00 was erroneous because it necessarily assumed that the damages were apportioned between the two defendants.
Plaintiff argues that the jury intended to render a verdict against the defendants for $170,000.00. He points out that following the return of the verdicts, the jury was polled as to whether its intention was to render an aggregate verdict in the amount of $170,000.00 or $85,000.00. Each member of the jury indicated orally that his intention was to render an aggregate verdict of $170,000.00. Plaintiff takes the position that the defendants' failure to object to the form of the verdict at the time of trial precludes them from raising the issue of the amount of the judgment on appeal.
It appears to us that it was incumbent on the plaintiff to object to the form of the verdict at trial if he contended that the jury intended to render a verdict against the defendants for $170,000.00 instead of $85,000.00. The responses of the jury members during the polling of the jury were not sufficient to allow the trial court to enter a judgment inconsistent with the verdicts rendered. City of Birmingham v. Hawkins, 196 Ala. 127,72 So. 25 (1916).
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.